The next case today is case number 22-1314, Alexander v. Brown v. William K. Harrington. My name is David Baker. I'm here on behalf of Appellant Alexander Brown. It's been interesting and instructive to listen to the other cases before the court this morning. There are certainly a lot of complex issues of fact and law that you have to consider in those cases. By contrast, I think this case is a much more straightforward issue of statutory construction. There are not really any material facts in dispute in this matter. Mr. Brown filed a Chapter 13 bankruptcy case in 2011, I believe it was, after a few months in Chapter 13. It appeared that Chapter 13 was not working out well for him, so he converted the case to Chapter 11. My memory, it's a little fuzzy, is that the problem was that in Chapter 13, you have a five-year limitation on how long a plan can run. That presents a problem when one wants to modify mortgage obligations because case law is very consistent and very clear that the Chapter 13 plan cannot go longer than five years. Sometimes, it just doesn't work out to be feasible within five years. Chapter 11, by contrast, has no specific time limitation. In fact, I've had a Chapter 11 plan that was confirmed that lasted for 23 years with the mortgage obligations. Here we have a situation where he converted to Chapter 11, got a Chapter 11 plan confirmed satisfactorily. The bankruptcy judge on our motion administratively closed the case, which took the case off the court's docket and also stopped the running of the fees and reports that are required to be submitted to the United States trustee. On what basis do you say that stopped the running of the fees and reports? Well, the statute of that issue says while the case is open or until it... No, it doesn't say while the case is open. The statute of the issue is unclear as to whether it applies to open or reopen cases. Well, it indisputably applies to open cases. You're correct, I misstated it. What the statute says is that you shall file reports until the case is converted or dismissed. But case law throughout the country has held that it's appropriate to administratively close a bankruptcy case so that that takes the case off the court's docket. They don't have to worry about doing any administrative work for the judge or for the court's clerk. So, it was administratively closed. Sometime later, Mr. Brown reached a decision that he wanted to sell his investment real estate. So, as a matter of prudence, I'm not sure if it was really necessary, but as a matter of prudence, he filed a motion to reopen the bankruptcy case. That was allowed. He went through the sale procedures of the bankruptcy court, then decided not to. Changed his mind about selling it. So, that motion to sell was withdrawn, and the case closed again. But during the period the case was open, you neither paid fees nor filed it. That's correct, because they were not required. And during the period the case was open, he wasn't required to file a report? After it was closed, he was not then thereafter required to file reports or pay fees. Even though the case was reopened? Even though the case was reopened. And on what do you base that? Well, as of January 2021, Congress amended the relevant statute to add the words, and reopen the cases. That may have been, but is there any legislative history on that? I don't know. I thought we regard that as a clarification. There's nothing in the report requirement of the statute that indicates that it wouldn't apply at any time when the case was open, even though it was reopened. And I'm not aware that there's any case that has ever held that the report requirement doesn't apply to reopened cases. Indeed, you didn't even argue that in the lower court. You simply argued about fees. I'm sorry? Because the point of the report is so that the U.S. trustee could calculate how much their fees are. What do you do about the fact that there was an order? Well, the order, the confirmation order you're referring to. The confirmation order didn't say anything about what would happen when the case was reopened. I thought the argument, maybe I'm misunderstanding things now. As I read your brief on appeal with respect to the reports, the main argument seemed to me to be, at least under the heading that deals with reports, that it was sort of harmless. I didn't see an argument under that heading that it didn't apply to reopened cases. I apologize if I wasn't clear, but that's exactly the point I'm trying to make. Well, I know you're making it now. In your brief under that heading, I didn't see it in that heading. Okay, I'll take another look at it. Did you make that argument below in challenge? At the time when the order was issued, there was no reason for you to say anything. Exactly. And so you think then that the appropriate course is with respect to that order, just don't file anything, just assume it means not reopened cases? Let me decipher the question. There's an order, and you have to comply with an order. Okay, so the district court concluded you didn't comply, the bankruptcy court concluded you didn't comply with the order, correct? Right. Yeah, and so what I'm trying to figure out is, if your view was that it was because it didn't apply to reopened cases, when it was issued, was it issued after the reopening? No, the confirmation order was. The order to file the reports for opened cases. Didn't the order refer to opened, or does it not? No, it does not. The only order that refers to filing reports is the confirmation order, way back when. Nowhere do I recall an order that, if the case is reopened, he has to file these reports. In fact, the issue didn't even arise until the U.S. trustee brought it up. And the U.S. trustee has kindly provided transcripts of those hearings, in its appendix, beginning around page 257. But the fundamental point I want to make is that, in this January 21st, January 2021 amendment to the statute, they added the words, and reopened cases. The necessary inference is, I believe, that prior to this amendment, it wasn't required. Is there a case law showing that? I'm not sure. It's such a new statute that I don't think any case laws come down on that. No, no. Was it before the change, in cases in which there have been reopenings, did they treat you as having to pay the fee? Not that I know of. Your brother filed a bankruptcy court case prior to the statutory amendment, where the key requirement was applied to reopen cases. But not in this. Do you have any cases holding the other way? If I do, I cited them. And they don't come right to my mind. But the other point I want to make about this is that, Congress provided this January 2021 statute, sunsets after five years. Congress knew that, I'm going back up, the inferences warranted that Congress understood that reopened cases don't require payment of fees or reports. I want to go back. You said that the order didn't refer to anything about open. That's, I think, wrong. This is from the opinion. There's two orders. And this is the second order concerning the submission of quarterly reports to the UST. Here, the relevant language is, quote, after confirmation, the debtor will serve the United States trustee with a quarterly disbursement report for each quarter or portion thereof so long as the case is open. Now, you just then just decide that that order means not reopen cases and, therefore, just don't comply with it that whole time? That seems like a pretty bold move. I appreciate the implicit compliment. But it says until the case is closed. Then the case is closed. So long as the case is open is what the order says. Right. And it was open at the time that that order was entered. Then it was closed. Then it was reopened some couple years down the road. But what I'm saying, just on the order, here we're just interpreting what did the order mean. The bankruptcy court concluded the order meant even when it's reopened. Now, are we supposed to not defer to that? We say that that's implausible. I mean, what's the standard we're supposed to review? It's the court's own order. Isn't it in a pretty good position to know what it meant? It's not as if it's such an obscure notion that it might apply to a reopened case that I think we're in a position to say that the order doesn't apply to it. I guess I'm just not following how you're supposed to respond to court orders. And that doesn't seem to have anything to do with the statute and your interpretation of the statute particularly. Oh, I think it does. And particularly the fact that Congress amended it in January 21 to add and reopen cases. Counsel, don't you have a problem in the sense that apart from the statutory issue, the court offered and the failure to pay the fees that arguably apply to open cases or to reopen cases as well, the court recites this long history of your client failing to comply over a long period of time with various court order. I mean, there were obligations that he had that he did not fulfill. And I thought the court treated that as an alternate basis, again, apart from this statutory issue, as an alternative basis for dismissing the petition. And you don't seem to even address that independent alternative basis for the dismissal that the court entered. So don't you have a big problem with that independent basis for the action of the district court? Excuse me, the bankruptcy took court and then the district court affirmed? I don't think so. Excuse me, because the, for lack of a better word, deduplications were in not filing the quarterly reports and paying the fees. I don't recall any other particular issues. He had some problems making payments in accordance with the plan, with the confirmation order. But that was... Many of those defalcations take place when there is no question that he had an obligation to be filing the reports and paying the fees. There was a long period of time, at least there was a period of time, between the entry of the confirmation order, which is one event, and then there's the decision to close the case administratively. That's before the reopening issue even comes up. And in that period of time, there were a lot of things he wasn't doing that he was supposed to do. And didn't the district court, sorry, the bankruptcy court, then affirmed by the district court, didn't the court treat all of those problems as an independent basis for dismissing the petition? I don't believe so. Really? I don't recall any problems or any such orders between confirmation and the closing of the case. My memory may be fuzzy or incomplete on that point, but no, I think all of the issues that he, the bankruptcy judge, identified were post-reopening. Wow.  Thank you, Your Honor. Thank you. May it please the Court. Andrew Byer for Appellee United States Trustee, William Harrington. I agree this case is simple. I agree with my colleague. The bankruptcy court didn't abuse its broad discretion in dismissing Mr. Brown's Chapter 11 bankruptcy. As Mr. Baker said this morning, the facts are largely undisputed. Mr. Brown failed to file quarterly disbursement reports as required by the court's order in 21 quarters. He failed to pay the statutorily required fees in 18 quarters. Each of those failures was a separate and independent cause for dismissal. And once the bankruptcy court found cause, the statute requires the court to dismiss. How many of those quarters were before the case was administratively closed? How many of those quarters were before the case was administratively closed? Initially, sort of quickly into the case, when Mr. Brown failed to file that disbursement report and was getting behind in the statutory fees, that was resolved by stipulation that going forward he would comply and get caught up. And the order at issue, referring to so long as the case is open, remained in place? Correct. Was there anything at that stage that you just described that suggested that the order, therefore, was now null and void because going forward it would only be reopenings? No. Is there anything that shows the opposite that we could look at from the record as to that and the hearing as to what the meaning of open was in the order? No, that issue did not come up. Because at that time, the first motion dismissed, the case had been open. It had not been administratively closed yet. What I'm saying is when you say going forward, you made a reference to going forward, what was going to happen? Oh, right, the stipulation that the parties agreed to. Did the stipulation contemplate that it might be reopened? I understand your question. No, it didn't because the case had not been closed at that point. It was open. And it was contemplated that it may never be closed? In other words, I'm just trying to figure out. The argument on the order is I didn't realize that that order would still have life after closure. Your contention is it did, right? Correct. Well, we've got to figure out how to interpret the word open in the order. I mean, if we go to the statute, maybe that's a different question, but if we just focus on the order and the reports, as I understand it, that's just the construction of the word open in the order. Correct. So what supports the view that the other party would have been on notice that open meant even after closure when it's reopened? I mean, a common-sense understanding of the word open is the only thing I know of. There's nothing in the record where that was ever discussed. Okay. I want to exclude the word reopen and just be… Well, the district court says a reopened case is an open… I mean, a reopened case is an open case. I mean, that's basically the logic that I understand the court used. Yes, correct. And that's the way the U.S. trustee views it, too, is that an open case and a reopened case are the exact same thing. There's no difference. A case is either open or it's not open, and that's the common understanding of those words. So open and reopened… I take it there's no logic for treating them differently. No, not that I can come up with why you would treat those things differently. When a case is administratively closed or when a case is closed, no fees are due. Nothing happens in the case that there effectively is no case. So even the word open in the original, going back to the statutory argument, 1938-6, as it applied throughout this entire case until the 2021 amendment, didn't even use the word open. It didn't use the word closed. Case law developed to say obviously it means closed because there's no case. In each case cannot mean a closed case. The only thing going the opposite direction, if there's anything, is the fact that when they clarified that to refer to an open case, they thought it useful to also refer to reopened cases, which does suggest that those two things might be different. So what's the answer to that? Correct. I don't know. I don't have legislative history or why they put that in there. I guess I can give you some context for that amendment. And it's important to note they didn't amend 1938-6A. That will revert back to what always applied in this case, where it doesn't say open, closed, or anything. It's the Section B, which is in place for the next five years, I believe, that added this open and reopened language. I want to make clear that they didn't just add the word reopened. They added the words open and reopened, and they also added the word closed. So to me, it's entirely consistent the way it was understood. They were just trying to govern the waterfront that this is everything. Yes. And I think we haven't talked about the Siegel decision, which I agree doesn't have any bearing on this case. That's a different issue. But challenges to that prior amendment to B, that was at issue in front of the Supreme Court, involved claims that in each case didn't mean pending cases. That is, it's only newly filed cases. And so I think the drafters of the new amendment B were probably thinking, let's make it entirely clear that an open, a reopened case, any pending case, we're going to collect these fees. There's not going to be any retroactivity problems here. So given that context, I can see why the drafters would have put these words in here to make it entirely clear, but it's not inconsistent or doesn't retroactively somehow not require you to pay fees in an open case that was already open prior to the amendment. And I just wanted to add, I think the judge has got it exactly right, that the failure to follow the court's order is a separate independent clause for dismissal. And those two things, even if there's some, any way you disagree with the government on the issue of a reopened case in the statute, you can affirm for that additional reason that it fails to follow the court's order. Just the paradox, if I'm following this, is that I guess I hadn't realized until I was listening to you that in some ways it's easier to understand why the reference to reopening and opening in the amendment doesn't give you any reason to think you don't have to pay fees in a reopened case, given that it's following different language which would have applied to any case. And this is just sort of clarifying that. But because they use open and reopen, I suppose there's some more potential ambiguity in the order since it refers only to open. And we're just trying to figure out what was the judge saying with that order. Yeah. I can't, other than what the judge found when it dismissed the case, that open obviously meant reopen. Is there any case law, just that we may not have to get into it, but is there any case law on when there is a potential ambiguity in an order? What's supposed to happen in that instance? It seems a little odd if the party subject to the court order is entitled to just adopt their favorite construction and then not comply. Right. I don't think you're bound by what the bankruptcy court says its order says. If there is some clear ambiguity that can't, the order just wasn't clear. I don't think this court is bound by what the bankruptcy court did. Well, I think it's clear because I wrote it. It's just the case law we cited simply means if it's give deference to the court, if that court is doing something that's completely outrageous and interpreting its own order, there's not bound by that interpretation. I don't think there's a standard of review that prevents you from coming out to a different conclusion. But here I think the word open and reopen are not, are not necessary. I think going back to the, you know why there might be a difference there in the statute, why they use both words is to cover all their bases. Because you could have a case that was closed when the amendment happened and then reopened just to make sure that yes, we're collecting fees in those cases. Here the case was pending. Do you see how that sort of creates some ambiguity about the order? That same logic you just used. You see how that happens, right? Yes. Yes. But I don't think there's ambiguity. I don't think that the word open doesn't include reopen. And I want to point out that this, this sort of confusion that he's suggesting Mr. Brown had with whether he had to pay fees in a reopen case or whether he had to provide the disbursement report, it's only after the fact of the dismissal. So I want to point the court to the record. When he, the final time Mr. Brown moved to close his case, the administrator would close his case, he made that motion for the explicit purpose to avoid accruing further fees. And that was after the case was reopened. So even at that time he believed that fees were required in a reopen case. So this argument he's making now is completely new and sort of out of the blue. He never made that below until ultimately the motion for reconsideration. And also after the hearing where his case was dismissed, he proposed a plan modification in lieu of dismissal. He proposed a new plan that would actually cover and account for the fees that were accrued while his case was reopened that he hadn't paid. And that's at, oh yeah, our appendix at page 165. And I'm quoting from his proposed plan modification. The case was reopened for various purposes and thus the debtor incurred quarterly fees. So even at that point after the dismissal hearing, he still understood that when a case is reopened, fees are incurred. So that's the last point I had. Unless the court has further questions, I'll rest on my brief. Thank you. Thank you, Your Honor. Too much static. Just a couple of things I would like to address. My argument is not that the confirmation order somehow evaporated once the case was closed. On the contrary, case law is very consistent that a confirmed Chapter 11 plan is a new contract between the debtor and creditors and can be enforced actually in any non-bankruptcy court. The creditors can sue in any state or federal court other than in bankruptcy court if they wish. So we're not saying that the confirmation order has magically disappeared. Just as you're suggesting, it's not just ambiguous, but I think it really does not address the question of reopening at all. The other point to make is that what's going to happen in five years, 2026, when the statute sunsets and the words, and reopen are no longer in the statute? We don't know. We have to wait and see. So I think that this is the strongest evidence I can present to you, that Congress really knew that these reports were not required in cases that had been closed and reopened. Otherwise, why would they bother to put the words, and reopened in the amended statute? I think that's all I have to say. Thank you very much. Thank you. That concludes arguments for today.